UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELBRICK DION JACKSON,<br><br>  Plaintiff,<br><br>  v.<br><br>COSTCO WHOLESALE CORPORATION, et al.,<br><br>  Defendants. | No. 2:25-cv-00610-DAD-SCR<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Before the Court is Defendant Costco Wholesale Corporation's ("Costco") motion to dismiss (ECF No. 11).  The Court heard oral argument on the motion on April 17, 2025, and now recommends that Defendant's motion to dismiss be GRANTED and that Plaintiff be allowed leave to file an amended complaint.

**I.    Background and Procedural History**

Plaintiff filed this action on November 22, 2024, in San Joaquin County Superior Court. ECF No. 1 (Notice of Removal) at 2.  Costco alleges it was served on January 21, 2025, and removed the action on February 20, 2025.  Costco removed the action based on diversity of

1

citizenship jurisdiction, and argues that the citizenship of the individual defendants can be disregarded because they are fraudulently joined. ECF No. 1 at 4.

The Complaint is captioned as an action under the California Fair Employment and Housing Act ("FEHA"). ECF No. 1 at 23.[1] In addition to naming Costco as a Defendant, Plaintiff names 21 individuals. Several are listed with last name unknown, such as "Andy Unknown." *Id*. at 24. The Complaint alleges that on November 5, 2022, Plaintiff was harassed, discriminated against, and experienced retaliation. *Id*. at 25. Plaintiff alleges he was discriminated against based on disability, medical condition, and race. *Id*. at 25-26. Plaintiff alleges that he is a 56-year-old, African American man who was hired at Costco in 2014. *Id*. at 26. In or around March 2022, Plaintiff alleges he was diagnosed with plantar fasciitis, that caused pain in his feet and he was given work restrictions, but was still able to perform his essential job duties as a cashier. *Id*. In April 2022, Plaintiff alleges he was asked to sign a note "indicating he was rejecting the accommodations requested per his doctor's note." *Id*. Plaintiff refused to sign the note. On April 13, 2022, Plaintiff visited his doctor again and his restrictions were modified, including removing a ten-minutes of rest per hour restriction. *Id*. Plaintiff was then offered a "temporary transitional duty position" of working at self-check-out and for twelve weeks "was accommodated with light duty." *Id*. However, on June 2, 2022, Plaintiff was "placed off work completely due to his plantar fasciitis." *Id*. Plaintiff was off work through October 30, 2022, and attempted to return to work on October 31, 2022. Plaintiff contends that Defendant Clark told him he would be placed on paid suspension until an investigation was complete. Plaintiff alleges that he was then terminated by Defendant Sakuma on November 5, 2022, for the alleged reasons of "malicious gossip, derogatory comments, retaliation, interfering with an investigation, and breach of contract." *Id*.

////

////

---

[1] References are to the page number as Plaintiff's complaint does not contain numbered paragraphs as required by Federal Rule of Civil Procedure 10(b).

## II. Subject Matter Jurisdiction

Defendant Costco removed the action on the basis of diversity of citizenship and alleges that the 21 individual defendants have been fraudulently joined. A removing defendant who invokes diversity jurisdiction based on fraudulent joinder bears a "heavy burden," as there is a presumption against finding fraudulent joinder. *Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018). Under the "possibility standard" articulated in *Grancare*, a party is not fraudulently joined if the failure to state a claim can possibly be cured by amendment. 889 F.3d at 550 ("[T]he district court must consider, as it did in this case, whether a deficiency in the complaint can be possibly cured by granting the plaintiff leave to amend."). Plaintiff has not challenged Defendant's fraudulent joinder assertion in a motion to remand, and did not file a timely opposition to the motion to dismiss. Plaintiff eventually filed an opposition to the motion to dismiss (ECF No. 18) some two months after the extended May 1, 2025 deadline set by the Court. ECF No. 15. The untimely opposition does not specifically address this jurisdictional issue or respond to the fraudulent joinder argument.

Regardless, federal courts have an obligation to sua sponte consider their jurisdiction. To that end, the Court issued a minute order directing the parties to address the fraudulent joinder issue—including the Ninth Circuit's standard in *Grancare*—at oral argument, and offering them an opportunity to file supplemental briefs on the issue. Costco did file a supplemental brief (ECF No. 14), which the Court has considered. Costco argues that there are no allegations in the complaint as to sixteen of the 21 individual defendants, and as to the five that are mentioned, Plaintiff fails to state a claim. ECF No. 14 at 2. Costco relies on *Pasco v. Red Robin Gourmet Burgers, Inc.*, 2011 WL 5828153, *3 (E.D. Cal. Nov. 18, 2011), to argue that the Court must focus on the allegations of the complaint and not speculate as to what could be pled in an amended complaint. In *Pasco*, the court noted that fraudulent joinder is a term of art and does not require an ill motive. Rather, joinder "will be deemed fraudulent where the plaintiff fails to state a cause of action against the resident defendant, and the failure is obvious according to the settled rules of the stated." *Id.* at 3, citing *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). The *Pasco* court further stated that review of the complaint "is constrained to the facts

actually alleged therein; it does not extend to facts or causes of action that *could* be alleged via an amended complaint." *Id.* at *3 (emphasis in original) (internal citation omitted).

The complaint broadly alleges violation of FEHA, and asserts claims for harassment, discrimination, and retaliation. ECF No. 1 at 25. Plaintiff cannot maintain claims under FEHA for discrimination or retaliation against the individual defendants as a matter of law. *See Jones v. Lodge at Torrey Pines*, 42 Cal.4th 1158, 1160 (2008) (non-employer individuals cannot be held personally liable for retaliation under FEHA); *Reno v. Baird*, 18 Cal.4th 640, 643 (1998) (non-employer individuals cannot be held personally liable for discrimination under FEHA). As discussed further below, Plaintiff has not adequately alleged a harassment claim against any of the individual Defendants or against Costco.

Costco also argues that courts in this District have routinely denied motions to remand on fraudulent joinder grounds where claims of harassment were insufficiently pled. Costco cites *Villalobos v. Costco Wholesale Corp.*, 2023 WL 5108499, * 6 (E.D. Cal. Aug. 9, 2023) and *Jensen v. Hardwoods Specialty Prods.*, 2022 WL 17455980, *4 (E.D. Cal. Dec. 6, 2022). In *Villalobos*, the court recognized that there is a presumption against finding fraudulent joinder and that a defendant removing on that basis carries a heavy burden. 2023 WL 5108488 at *3. However, a plaintiff must show some possibility of prevailing against the allegedly fraudulently joined defendant. The *Villalobos* court stated that, "Plaintiff had ample opportunity in her Motion to Remand and at the July 6 hearing to supplement her claims, but failed to do so." *Id.* at 4. Thus, the court concluded that although plaintiff only needed to show a "glimmer of hope" that she could establish a claim, no such glimmer had been demonstrated. *Id.*

Similarly here, Plaintiff has not rebutted Costco's fraudulent joinder argument. Plaintiff did not file a motion to remand. Plaintiff did not file a supplemental brief on fraudulent joinder after the Court raised jurisdiction and invited the parties to file such briefs. *See* ECF No. 12. The Court then allowed Plaintiff an additional two weeks to file an opposition to Costco's motion to dismiss after the hearing on that motion. That opposition was due by May 1, 2025. On July 1, 2025, Plaintiff filed an opposition. ECF No. 18. That motion does not specifically address jurisdiction or respond to the fraudulent joinder argument. It does make some allegations against

4

manager Julie Heath, and mentions some other employees by name. The opposition also appears to contain allegations beyond the scope of the complaint. The complaint concerns events in 2022, and Plaintiff states he was first diagnosed with plantar fasciitis in March 2022, yet the opposition claims Heath was trying to get him terminated since 2020. ECF No. 18 at 1.

Plaintiff's complaint offers little more on the issue of harassment than the conclusory assertion that "complainant was harassed," and fails to state a claim of harassment as to the individual defendants. Plaintiff was given the opportunity to explain how he might amend at the hearing on the motion, and failed to identify additional factual allegations. As the court in *Jensen* stated: "While the burden is on Defendants to show fraudulent joinder, Plaintiff must maintain some responsibility to show that he could plausibly state a claim on an amended pleading." 2022 WL 17455980 at *4. Plaintiff has failed to demonstrate how he could state a claim against the individual defendants. Thus, the Court concludes that they were fraudulently joined, removal was proper, and that diversity jurisdiction in this Court is proper. *See id*. ("Because Plaintiff has not made any showing that he could bolster his complaint with factual allegations rising to the level of harassment by the named individual Defendants, the Court must conclude that he is unable to do so."). The Court will now proceed to evaluate Costco's motion to dismiss.

### III.    Legal Standards

Costco moves to dismiss based on failure to state a claim under Rule 12(b)(6). The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In ruling on a motion to dismiss brought under Rule 12(b)(6), the court is permitted to consider material that is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiffs' complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d. 668, 688–89 (9th Cir. 2001). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). It is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

### IV. Analysis

Defendant Costco moves to dismiss based on failure to state a claim under Rule 12(b)(6). Costco argues the factual allegations are insufficient to state a claim, and that the allegations of harassment, discrimination, retaliation, failure to engage in interactive process/offer reasonable accommodation, and wrongful termination are conclusory. ECF No. 11-1 at 7.

### A. Plaintiff Failed to Timely Oppose the Motion

As a preliminary matter, Plaintiff failed to file a timely opposition to the motion. Local Rule 230 provides that any opposition must be filed within 14 days, and "failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion." LR 230(c). Plaintiff's opposition was originally due on March 14, 2025. Pro se litigants are subject to the same procedural requirements as other litigants. *See Munoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022). Plaintiff did not file a timely opposition, but he did appear at the hearing on the motion on April 17, 2025. At the hearing, the Court granted him an additional two weeks to file an opposition, and particularly to address what additional facts he could plead if given leave to amend. Plaintiff missed the May 1, 2025 deadline, and on June 6, 2025, Costco filed a notice of

non-opposition. ECF No. 26. Plaintiff then filed an opposition on July 1, 2025. The failure to comply with Local Rule 230 alone could merit dismissal. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). The Court however will not recommend dismissal based solely on Plaintiff's failure to comply with the Local Rules. The Court has denied a motion to strike and considered the opposition. *See* ECF No. 22. Plaintiff is cautioned that further failure to meet deadlines and comply with the Local Rules and this Court's orders may result in the imposition of sanctions, up to and including termination of this case. *See* Fed. R. Civ. P. 41; LR 110.

### B. Plaintiff's Claims

The Court now proceeds to consider the merits of Costco's motion, and as an initial matter observes that the allegations of the complaint are conclusory and formulaic. The paragraphs of the complaint are not numbered, and there are no clearly delineated causes of actions/counts. Plaintiff makes reference to retaliation, harassment, and discrimination and to FEHA, Cal. Govt. Code 12940 et seq., which prohibits discrimination and harassment based on several protected classes, including race, disability, and medical condition. Costco attempts to evaluate several potential claims that may be raised. Neither Defendant, or the Court should be forced to speculate as to the claims raised. Plaintiff is required by Federal Rule of Civil Procedure 8 to draft a pleading that fairly puts Defendants on notice of the claims against them. The Court will address the harassment, discrimination, and retaliation claims under FEHA, to the extent they can be ascertained from the brief and conclusory complaint.

#### 1. Harassment

Costco contends that Plaintiff "has failed to plead any harassing conduct or adverse employment action motivated by discriminatory animus on the part of Costco." ECF No. 11-1 at 12. To constitute harassment, conduct must be "sufficiently severe or pervasive to alter the conditions of [Plaintiff's] employment and create an abusive work environment," and exclude conduct that is "occasional, isolated, sporadic, or trivial." *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal.App.3d 590, 609 (Cal. Ct. App. 1989) (citations omitted).

7

Costco contends that the Complaint contains no allegations that the alleged harassing conduct was because of a protected characteristic. ECF No. 11-1 at 13. Further, Costco argues the alleged actions such as requiring a doctor's note, asking an employee to sign a form, or conducting an investigation are "common and necessary personnel management actions" and not harassment. *Id*. at 14.

The Court agrees that Plaintiff fails to state a claim for harassment against Costco or the individual defendants. Plaintiff has not alleged severe or pervasive conduct that is sufficient to alter the conditions of employment. Plaintiff makes the mere conclusory allegation of harassment. Plaintiff's factual allegations are that he was diagnosed with plantar fasciitis in March 2022 and "was still able to perform his essential job duties with reasonable accommodation of light duty." ECF No. 1 at 26. Plaintiff claims he received a doctor's note with work restrictions and gave it to Regional Manager Heath. *Id*. In April 2022, Plaintiff was called into the office of Andy and Chi and asked to sign a document "indicating he was rejecting accommodations." *Id*. He asked if he would be laid off if he did not sign, and Andy said no. *Id.* Plaintiff did not sign. *Id.*

Thereafter, Plaintiff makes the conclusory assertion that he was "not accommodated," and that Heath asked him to get restrictions removed from his doctor's note. *Id.* However, his more specific allegation is that he was accommodated. Plaintiff asserts: "Jackson was offered a temporary transitional duty position of front end cashier for self check-out on a full time basis from April 13, 2022 through June 2, 2022. For twelve weeks, Jackson was accommodated with light duty, which included completing go backs and self-checkout." *Id.*

Plaintiff alleges that he was then "placed off work completely" from June 2022 through October 2022 due to his plantar fasciitis. *Id.* at 26-27. When he returned to work from his medical leave on October 31, 2022, Heath was no longer working for Costco, and he was reporting to Clark. *Id*. at 27. Plaintiff was "placed on paid suspension" pending an investigation, and on November 5, 2022, told that he was being terminated "for malicious gossip, derogatory comments, retaliation, interfering with an investigation and breach of contract." *Id.*

8

These allegations concern, as Costco contends, common and necessary personnel matters. Under the FEHA, "harassment is actionable if the defendant's conduct would have interfered with a reasonable employee's work performance and would have seriously affected the psychological well-being of a reasonable employee and [the plaintiff] was actually offended." *Velente-Hook v. Eastern Plumas Health Care*, 368 F.Supp.2d 1084, 1102 (E.D. Cal. 2005). Personnel management actions commonly necessary to carry out the duties of the business are "outside the purview of harassment." *Id.* at 1102-03. In *Velente-Hook*, the court found that none of the following constituted harassment: 1) telling plaintiff she would be fired if she did not return to work due to her medical condition; 2) allegedly forcing plaintiff to return to work under duress which caused her health to deteriorate; 3) withholding plaintiff's paycheck until they discussed a fitness-for-duty test; and 4) sending a letter that stated plaintiff was a "dangerous" nurse. *Id.* at 1103. The court found plaintiff did not make a prima facie case of harassment because "the incidents she complains of fall within the scope of job duties of a type necessary to business and personnel management." *Id.*

Plaintiff's complaint does not contain sufficient factual allegations to support a claim of harassment under the FEHA against Costco or the individually named defendants.

**2. Discrimination**

In order to state a prima facie claim of discrimination under the FEHA, Plaintiff must allege: (1) he was a member of a protected class, (2) he was performing competently in his position, (3) he suffered an adverse employment action, and (4) he must show some other circumstance suggesting a discriminatory motive. *Guz v. Bechtel National, Inc.*, 24 Cal. 4th 317, 355 (2000). Plaintiff alleges that he was a member of a protected class, and an adverse action— that he was terminated. ECF No. 1 at 26-27. However, Plaintiff does not specifically allege that he was performing competently in his position, although he does allege that he had worked there for "many years." More importantly, Plaintiff does not allege other circumstances suggesting a discriminatory motive. This fourth factor may be shown in different ways depending on the context of the claim. *See, e.g., Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 917 (9th Cir. 1996) (in age discrimination case, by showing plaintiff was replaced by a younger employee with

9

equal or inferior qualifications); *Napear v. Bonneville Intern. Corp.*, 669 F.Supp.3d 948, 959 (E.D. Cal. 2023) ("At the pleadings stage, a plaintiff must allege some facts supporting the inference that his termination was because of his religion, race, or gender."); *Fu v. Walker Parking Consultants*, 796 F.Supp.2d 1148, 1155 (N.D. Cal. 2011) (in pregnancy discrimination case, showing plaintiff was laid off while a not pregnant, more junior employee was not).

Plaintiff alleges that he is African-American and that he had a medical condition (plantar fasciitis). Plaintiff makes no allegations that suggest any inference of discriminatory motive based on race. Plaintiff makes no allegations that other employees were treated differently or more favorably based on consideration of race.

To state a prima facie case of disability discrimination, Plaintiff must plead that he: "(1) suffered from a disability, or was regarded as suffering from a disability; (2) could perform the essential duties of the job with or without reasonable accommodations; and (3) was subjected to an adverse employment action because of the disability or perceived disability." *Achal v. Gate Gourmet, Inc.*, 114 F.Supp.3d 781, 797 (N.D. Cal. 2015). Plaintiff does not allege that he suffered from a disability, but does allege that he was diagnosed with plantar fasciitis and that it caused painful inflammation. ECF No. 1 at 26. Plaintiff alleges that he was subjected to an adverse employment action (termination), but does not allege it was "because of" disability, or perceived disability. Instead, Plaintiff alleges that he was terminated "for malicious gossip, derogatory comments, retaliation, interfering with an investigation and breach of contract." *Id.* at 27. Plaintiff does not specifically allege that this reason was pretextual, or untrue. In any event, "simply showing the employer was lying, without some evidence of discriminatory motive, is not enough to infer discriminatory animus." *Napear,* 669 F.Supp.3d at 961, citing *Guz*, 24 Cal.4th at 360-61 ("[A]n inference of intentional discrimination cannot be drawn solely from evidence, if any, that the company lied about its reasons. The pertinent statutes do not prohibit lying, they prohibit discrimination."). Plaintiff has failed to plead sufficient facts to allege a plausible claim of either race or disability discrimination under the FEHA against Costco.

### 3. Retaliation

Generally, to state a claim for FEHA retaliation, Plaintiff must show: (1) he engaged in protected activity; (2) retaliatory animus on the part of the employer; (3) an adverse action by the employer; (4) a causal link between the retaliatory animus and the adverse action; (5) damages; and (6) causation. *Yeager v. Corr. Corp. of Am.*, 944 F.Supp.2d 913, 924 (E.D. Cal. 2013). Plaintiff's assertion of retaliation is conclusory and he asserts he "experienced retaliation because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation and as a result was terminated, reprimanded, denied equal pay, denied any employment benefit …" ECF No. 1 at 25. This appears to be a conclusory, formulaic assertion, as Plaintiff's factual allegations do not support that he was denied equal pay or denied employment benefits, or reprimanded. The factual allegations also do not show that he "reported" discrimination or harassment. A plaintiff engages in protected activity when he "opposes unlawful employment practices, when that opposition is based on a 'reasonable belief' that the employer's actions are unlawful." *Ayala v. Frito Lay, Inc.*, 263 F.Supp.3d 891, 911 (E.D. Cal. 2017). Such protected activity includes filing internal complaints with the employer about employment policies or practices, and such activity must be sufficient to put an employer on notice. *Id.* at 911-12.

Plaintiff has not clearly alleged that he engaged in protected activity. Plaintiff has further not alleged retaliatory animus on the part of Costco, nor has Plaintiff alleged causation – that engaging in protected activity caused his termination. There are brief mentions in the complaint of an "investigation" and "protocol," but no allegations that Plaintiff made complaints that led to the investigation, or that Plaintiff was then fired in retaliation for such. Plaintiff has failed to plead sufficient facts to allege a plausible claim of retaliation under the FEHA against Costco.

### 4. Failure to Accommodate

To state a *prima facie* claim for failure to accommodate under the FEHA, a plaintiff must show: "(1) a FEHA recognized disability; (2) an ability to perform the essential functions of the job; and (3) employer failure to provide a reasonable accommodation for the disability." *Kelly v. Walmart Stores, Inc.*, 291 F.Supp.3d 1145, 1151 (S.D. Cal. 2017). Costco does not appear to

11

challenge the first element, but argues that Plaintiff does not plead sufficient facts as to the second and third element. ECF No. 11-1 at 20. Costco asserts that as to the second element, the allegations are contradictory—at times asserting Plaintiff could no longer work the cash register due to restrictions, and also making the allegation that he "was still able to perform his essential job duties with reasonable accommodation." *Id.* at 20. Plaintiff also alleges that: "Jackson was offered a temporary transitional duty position of front end cashier for self check-out on a full time basis from April 13, 2022 through June 2, 2022. For twelve weeks, Jackson was accommodated with light duty, which included completing go backs and self-checkout." ECF No. 1 at 26. Plaintiff also alleges that Costco accommodated his need for additional breaks.

Plaintiff then alleges that he was on leave from June until October. "FEHA's implementing regulations specifically enumerate paid or unpaid leave as a form of accommodation that can satisfy § 12940(m)(1)." *Kelly*, 291 F.Supp.3d at 1151 *citing* 2 C.C.R. § 11068(c). "Leave is a reasonable accommodation where it is likely that the employee may return to work upon expiration of the leave." *Id*. The allegations in the complaint concerning leave are unclear, and it is not clear if it was offered as a form of accommodation or the parameters for such. However, Plaintiff does not state a claim for failure to accommodate. Instead, he alleges that Costco provided him a temporary transitional duty position, allowed him to take additional breaks, and that he took leave.

5. **Wrongful Termination**

Costco also addresses a claim for wrongful termination in violation of public policy. It is not clear that Plaintiff is attempting to assert such claim. As mentioned above, the complaint is largely conclusory with no clearly delineated causes of action/claims. Plaintiff does include in bold that he was harassed, discriminated, and experienced retaliation, and states his complaint is brought under the FEHA, so the Court has addressed those claims. The complaint mentions a "wrongful termination," but it is unclear that Plaintiff intended for that to be a separate claim. The Court will not engage in analyzing speculative claims that Plaintiff may be attempting to assert. The Court is not required to "divine on [its] own whether the complaint could conceivably be amended to state a claim." *Vincent v. Trend Technical Corp.*, 828 F.2d 563, 570 (9th Cir.

1987).  The Ninth Circuit "has never suggested that district judges, hierophants though they may be, must guess that a plaintiff really means to sue different people … or for wrongs different from those spelled out in the complaint."  *State Office of Protection & Advocacy v. Miller*, 65 F.3d 176 (Table), *2 (9th Cir. 1995).  The Court will recommend that the motion to dismiss be granted, and Plaintiff be allowed leave to amend his claims as to Defendant Costco.

### C.  Leave to Amend

As explained above, Plaintiff fails to state a claim upon which relief may be granted in the Complaint.  Plaintiff is proceeding pro se and "[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).  Costco argues that leave to amend would be futile.  ECF No. 11-1 at 25-26.

There is some reason to believe that leave to amend would be futile.  The Court gave Plaintiff the opportunity to offer additional facts at the April hearing on the motion, and he did not do so.  Plaintiff's untimely opposition and attached exhibits do not appear to bolster his claims.  One exhibit shows that Costco was willing to offer Plaintiff the accommodation of a ten-minute break every hour until June 3, 2022.  ECF No. 18 at 5.  Plaintiff also appears to have submitted a letter from Sutter Health stating that the work restriction in regard to an extra ten-minute break was lifted as of April 13, 2022.  ECF No. 18 at 10.  This is several months before Plaintiff's alleged termination in November 2022.  ECF No. 1 at 27.

However, Plaintiff's complaint is conclusory and at times vague.  There is very little detail concerning what happened between June 2022 when Plaintiff states he was being accommodated, and his termination in November 2022.  There are vague references to an investigation, and interference with an investigation.  Plaintiff's complaint is too indefinite to determine that leave to amend would be futile.  The Court will recommend Plaintiff be allowed leave to amend as to his claims only against Defendant Costco.

Plaintiff should not be given leave to amend against the individual defendants, as his claims of discrimination and retaliation are precluded as a matter of law against such individual defendants.  *See Jones*, 42 Cal.4th at 1160 (non-employer individuals cannot be held personally

13

liable for retaliation under FEHA); *Reno*, 18 Cal.4th at 643 (non-employer individuals cannot be held personally liable for discrimination under FEHA). While harassment suits against individual defendants are not precluded as a matter of law, Plaintiff has not suggested any facts concerning individual defendants that would remotely approach harassment. Leave to amend against the individual defendants would accordingly be futile.

If Plaintiff chooses to file an amended complaint, it shall comply with Federal Rule of Civil Procedure 8. Additionally, Plaintiff shall comply with Rule 10(b) and state his claims in separately numbered paragraphs. Plaintiff shall also clearly delineate the claims he is attempting to assert as "counts" or "claims" and set forth sufficient facts to establish a plausible claim as to each cause of action asserted.

## V.   CONCLUSION

For the aforesaid reasons, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Costco's Motion to Dismiss (ECF No. 11) be GRANTED; and
2. Plaintiff be allowed 21 days to file a First Amended Complaint against Defendant Costco only.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within fourteen days** after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 9, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE