UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELBRICK DION JACKSON,<br>Plaintiff,<br>v.<br>COSTCO WHOLESALE CORPORATION, et al.,<br>Defendants. | No. 2:25-cv-00610-DAD-SCR<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Before the Court is Defendant Costco Wholesale Corporation's ("Costco") motion to dismiss (ECF No. 29) the first amended complaint ("FAC"). The motion was submitted on the briefs on December 2, 2025, and the Court now recommends that Defendant's motion to dismiss be GRANTED and that the FAC be dismissed without further leave to amend.

**I. Background and Procedural History**

Plaintiff filed this action on November 22, 2024, in San Joaquin County Superior Court. ECF No. 1, Notice of Removal, at 2. Costco removed the action on February 20, 2025. Costco removed the action on the basis of diversity of citizenship jurisdiction. ECF No. 1 at 4.

The original complaint was captioned an action under the California Fair Employment and Housing Act ("FEHA"). ECF No. 1 at 23. In addition to naming Costco as a Defendant, Plaintiff named approximately 20 individuals, some listed with last name unknown, such as "Andy Unknown." *Id*. at 24. The Complaint alleged that on November 5, 2022, Plaintiff was harassed, discriminated against, and experienced retaliation. *Id*. at 25. Plaintiff alleged he was discriminated against based on disability, medical condition, and race. *Id*. at 25-26. Plaintiff alleged that he is a 56-year-old, African American man who was hired at Costco in 2014. *Id*. at 26. In or around March 2022, Plaintiff claimed he was diagnosed with plantar fasciitis, that caused pain in his feet and he was given work restrictions, but was still able to perform his essential job duties as a cashier. *Id*. In April 2022, Plaintiff alleged he was asked to sign a note "indicating he was rejecting the accommodations requested per his doctor's note." *Id*. Plaintiff refused to sign the note. On April 13, 2022, Plaintiff visited his doctor again and his restrictions were modified, including removing a ten-minutes of rest per hour restriction. *Id*. Plaintiff was then offered a "temporary transitional duty position" of working at self check-out and for 12 weeks "was accommodated with light duty." *Id*. However, on June 2, 2022, Plaintiff was "placed off work completely due to his plantar fasciitis." *Id*. Plaintiff was off work through October 30, 2022, and attempted to return to work on October 31, 2022. Plaintiff alleged that Defendant Clark told him he would be placed on paid suspension until an investigation was complete. Plaintiff alleged that he was then terminated by Defendant Sakuma on November 5, 2022, for the alleged reasons of "malicious gossip, derogatory comments, retaliation, interfering with an investigation, and breach of contract." *Id*.

Defendant Costco removed the action on the basis of diversity of citizenship and alleged that the 21 individual defendants had been fraudulently joined. Plaintiff did not challenge this assertion through a motion to remand, and did not file a timely opposition to the first motion to dismiss. Plaintiff eventually filed an opposition to the first motion to dismiss (ECF No. 18) some two months after the extended May 1, 2025 deadline set by the Court. ECF No. 15. The untimely opposition did not specifically address this jurisdictional issue or respond to the

fraudulent joinder argument. Nonetheless, the Court undertook the jurisdictional analysis and concluded that it had subject matter jurisdiction. *See* ECF No. 24 at 3-5.

The undersigned then proceeded to the merits of Costco's motion to dismiss and recommended that it be granted, and that Plaintiff be allowed leave to amend. ECF No. 24. In so doing, the Court stated: "There is some reason to believe that leave to amend would be futile." *Id.* at 13. The Court noted that Plaintiff had been given the opportunity at a prior hearing and in an untimely opposition to assert additional facts that he could allege and he did not do so. *Id.* The complaint was vague and conclusory with "very little detail concerning what happened between June 2022 when Plaintiff states he was being accommodated, and his termination in November 2022." *Id.* at 13. The Court recommended that Plaintiff be allowed leave to amend as to Costco only. *Id.* at 14.

On October 1, 2025, the F&R was adopted, and Plaintiff's complaint was dismissed, with leave to amend as to Costco only. ECF Nos. 26 & 27. Two days later, Plaintiff filed the FAC. ECF No. 28. Costco filed a motion to dismiss (ECF No. 29), which has been briefed (ECF Nos. 30 & 31) and submitted without oral argument.

## II. Legal Standards

Costco moves to dismiss based on failure to state a claim under Rule 12(b)(6). The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In ruling on a motion to dismiss brought under Rule 12(b)(6), the court is permitted to consider material that is properly submitted as part of the complaint, documents that are not

physically attached to the complaint if their authenticity is not contested and the plaintiffs' complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d. 668, 688–89 (9th Cir. 2001). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). It is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

## III. Analysis

Defendant Costco moves to dismiss based on failure to state a claim under Rule 12(b)(6). ECF No. 29. Costco argues that the FAC fails to state a claim and fails to comply with Federal Rule of Civil Procedure 8. *Id*. at 2. Costco further argues that since Plaintiff was previously given leave to amend, and failed to cure the pleading defects, dismissal should be with prejudice. *Id.* Plaintiff has submitted a two-page opposition brief which does not present a coherent argument. ECF No. 30.

### A. The First Amended Complaint Fails to Comply with Rules 8 and 10

Plaintiff's FAC is six pages long and written in a narrative fashion. ECF No. 28. There are no numbered paragraphs, thus Plaintiff's FAC does not comply with Federal Rule of Civil Procedure 10(b). The FAC additionally fails to comply with Rule 8 in that it does not contain a "short and plain statement" of Plaintiff's claims showing he is entitled to relief. Plaintiff's FAC further fails to comply with Rule 8(a)(3) in that there is no clear demand for relief. Plaintiff's FAC in its conclusion asks only that Costco's motion be "dismissed and denied and judgment for the plaintiff." ECF No. 28 at 6. Plaintiff was specifically directed to comply with Rules 8 and 10. *See* ECF No. 24 at 14 ("If Plaintiff chooses to file an amended complaint, it shall comply with Federal Rule of Civil Procedure 8. Additionally, Plaintiff shall comply with Rule 10(b) and

state his claims in separately numbered paragraphs."). Plaintiff failed to comply with that directive.

Plaintiff's FAC contains no clearly delineated claims or causes of action. Plaintiff was previously advised of these pleading defects. *See* ECF No. 24 at 7 (noting the "allegations of the complaint are conclusory and formulaic" and the paragraphs "are not numbered, and there are no clearly delineated causes of action"). The Court cautioned Plaintiff: "Neither Defendant, or the Court should be forced to speculate as to the claims raised. Plaintiff is required by Federal Rule of Civil Procedure 8 to draft a pleading that fairly puts Defendants on notice of the claims against them." ECF No. 24 at 7.

Plaintiff's narrative FAC recounts irrelevant details such as that he "would always park by the gas station" when going to work, and mixes in commentary from court proceedings: "Magistrate judge Sean C. Riordan findings erroneous or contrary …" ECF No. 28 at 1-3. Costco's motion attempts to address what claims Plaintiff may be raising. The motion addresses why harassment, discrimination, retaliation, failure to accommodate, and wrongful termination claims would fail. ECF No. 29-1 at 12-20. The Court will not engage in further analysis of these speculative claims. The Court addressed the harassment, discrimination, retaliation, and failure to accommodate claims previously. *See* ECF No. 24 at 7-12. Plaintiff was thus aware of the pleading requirements of those claims and has not met them in the FAC, nor seemingly even attempted to meet them.

**B. Failure to Exhaust Administrative Remedies**

Costco also argues that to the extent Plaintiff is attempting to raise claims under Title VII, the ADA, or California's Fair Employment and Housing Act (FEHA), Cal. Govt. Code 12940 et seq., those statutes require administrative exhaustion and Plaintiff has not alleged exhaustion. Plaintiff offers no response to this argument in his brief Opposition. ECF No. 30. Title VII's charge-filing provisions "require complainants to submit information to the EEOC and to wait a specified time period before commencing a civil action." *Fort Bend County v. Davis*, 139 S. Ct. 1843, 1851 (2019). The ADA adopted the procedures set forth in Title VII concerning the filing of an administrative charge. *See Stiefel v. Bechtel Corp.*, 624 F.3d 1240, 1243-44 (9th Cir. 2010).

The FEHA also contains an exhaustion requirement. *See Wills v. Superior Ct.*, 195 Cal.App.4th 143, 153 (2011) ("Before filing a civil action alleging FEHA violations, an employee must exhaust his or her administrative remedies"). It appears that Costco's argument is well taken in that Plaintiff has failed to plead exhaustion of administrative remedies, and Plaintiff does not contend in his opposition brief that he did exhaust.

**C. Leave to Amend**

The Court finds that Plaintiff's FAC fails to comply with Rules 8 and 10, fails to state a claim, and fails to comply with the prior instruction (ECF No. 24) from the Court. The Court previously granted leave to amend, and in so doing, noted that there was "some reason to believe that leave to amend would be futile." ECF No. 24 at 13. However, the Court gave Plaintiff leave to amend in light of the rule from *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012): "[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."

Plaintiff did not follow the Court's guidance, and thus the Court must conclude that Plaintiff is either unwilling, or unable, to cure the pleading deficiencies and thus further leave to amend would be futile. *See Nguyen v. Endologix, Inc.*, 962 F.3d 405, 420 (9th Cir. 2020) (noting that a district court's discretion to deny leave to amend is "particularly broad" where the district court has previously granted the plaintiff leave to amend the complaint).

**IV. CONCLUSION**

For the aforesaid reasons, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Costco's Motion to Dismiss (ECF No. 29) be GRANTED and the first amended complaint be dismissed without further leave to amend; and
2. The Clerk be directed to enter judgment and close this file.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within fourteen days** after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections

within the specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATD: August 10, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE